**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR SABATINO,<br><br>Plaintiff,<br><br>v.<br><br>UNION TOWNSHIP et al.,<br><br>Defendants. | Civil Action No.: 11-1656 (JLL)<br><br>**AMENDED OPINION** |

**LINARES**, District Judge.

This Opinion is amended to correct an inadvertent administrative error. The prior Opinion, issued on January 17, 2012 (CM/ECF No. 29), contained two consecutive pages with the same numbering and substantially the same content. Thus, the intended Opinion follows.

This matter comes before the Court by way of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by Defendant Union County Prosecutor's Office ("Defendant").[1] As the motion is unopposed, the Court has considered the submissions made by Defendant Union County Prosecutor's Office and decides the matter without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is GRANTED.

---

[1] The Court notes that Defendant submitted a letter brief in support of the motion for judgment on the pleadings which violates Local Rule 7.1. However, there being no objection by Plaintiff, the Court will nonetheless consider Defendant's submission in this instance but directs that all future submissions comply with the local rules or risk denial of the relief sought. See e.g., Holster v. McMaster-Carr Supply Co., Civ No. 04-1791, 2006 WL 2864643, at *12 n.9 (D.N.J. Oct. 4, 2006) ("Plaintiff's counsel is forewarned that future submissions must comply with both the Federal and Local Rules of Civil Procedure, or said submissions will be precluded from consideration.")

1

## I. BACKGROUND

As the Court writes only for the parties, a familiarity with the underlying factual and procedural background of this case will be assumed and will not be repeated here except where necessary to provide proper context for the discussion below. This action arises out of an alleged violation of Plaintiff Arthur Sabatino's ("Plaintiff") civil rights on April 26, 2009, when Plaintiff was arrested in response to a 911 call made by his daughter. Allegedly, Plaintiff Sabatino's daughter, Jennifer, placed the call to 911 and told the operator that her father was "mentally and physically ill" and "also dangerous." (Compl. ¶ 8). During the call Jennifer also stated that Plaintiff probably had a loaded gun but also emphasized that he was very sick and that he was "in and out of consciousness." (Id.) Members of the Union Township Police Department responded to the 911 call and directed Plaintiff to come outside over loud speaker, but Plaintiff was allegedly too ill to hear or respond to their commands. (Compl. ¶ 9). Officers then entered Plaintiff's residence and used a series of "flash-bang" grenades, which resulted in the death of Plaintiff's pet, and forcibly detained Plaintiff. (Id.) Plaintiff alleges that the officers failed to take into account his shoulder disability, despite the fact that he informed the officers thereof. (Id.)

Plaintiff alleges that he was discriminated against on the basis of a disability and deprived of his right of due process by members of the Union Township Police Department and the Union County Sheriff's Office. Notably, Plaintiff does not allege any specific facts regarding the Union County Prosecutors Office, and Plaintiff affirmatively states that he has not been charged with a crime in connection with his arrest. (Compl. ¶ 14).

2

## II. LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial – a party may move for judgment on the pleadings." Where, as here, the movant alleges that the complaint fails to state a claim upon which relief can be granted, the court applies the same standards as under Rule 12(b)(6). See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). In determining whether a complaint is sufficient, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, a court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S.Ct. at 1949.

## III. DISCUSSION

First, an analysis of the facts set forth in Plaintiff Complaint clearly indicates that Plaintiff's claim is devoid of any factual assertions regarding the Union County Prosecutor's Office or any individual Union County Prosecutor. Thus, Plaintiff fails to state a claim upon which there is a plausible right to relief.

Further, Plaintiff brings his claims under Section 1983 of Title 42 of the United States Code,[2] which authorizes plaintiffs to seek redress for the violation of rights granted by the Constitution or laws of the United States committed or caused by a person acting under color of state law.[3] However, the Union County Prosecutor's Office is not a "person" within the meaning of Section 1983. Palmerini v. Burgos, Civ No. 10-210, 2011 WL 3625104 at * 8 (D.N.J. August 15, 2011) ("[C]ourts within the Third Circuit have consistently and uniformly held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices and staff, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of new Jersey"); Nugent v. County of Hunterdon, No. 09-2710, 2010 WL 1949359 (D.N.J. May 14, 2010); Watkins v. Attorney General of New Jersey, Civ No. 06-1391, 2006 WL 2864631 at * 3 (D.N.J. October 4, 2006) ("[A county prosecutor's office] is not subject to suit under § 1983 because the Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves").

In addition, Eleventh Amendment immunity applies to state entities and officials where "the state is the real, substantial party in interest." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429, 117 S.Ct.900 (1997) (internal quotations omitted). County

---

[2] Plaintiff additionally brings suit pursuant to the following: 42 U.S.C. § 1985, which pertains to conspiracies to interfere with civil rights; "the New Jersey Constitution and/or the New Jersey Civil Rights Act, N.J.S.A. Section 10:6-1 et seq."; the Americans with Disabilities Act, 42 U.S.C. §§12131-165 and Section 504 of the Rehabilitation Act of 1973. (Compl., 1). Although Plaintiff does not specify to which defendants he is referring, as discussed above, Plaintiff does not allege any facts sufficient to state a plausible right to relief against the Union County Prosecutor's Office on any of the above grounds.

[3] Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

prosecutorial offices conduct two different sets of functions: "(1) the administrative functions of operating their offices, and (2) the classic law enforcement and investigative functions for which they are chiefly responsible." Beightler v. Office of Essex County Prosecutor, 342 Fed.App'x. 829, 832 (3d. Cir. 2009) (quoting Coleman v. Kaye, 87 F.3d 1491 (3d Cir. 1996)). A county prosecutor "in effect acts on behalf of the county that is the situs of his or her office" in connection with administrative tasks unrelated to prosecutorial functions. Coleman, 87 F.3d at 1499. However, "[w]hen New Jersey county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state." Beightler, 342 Fed.App'x at 832. Thus, Eleventh Amendment immunity applies and bars a damage action under section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Coleman, 87 F.3d at 1499, 1505.

Finally, while the Third Circuit has adopted a liberal approach to the amendment of pleadings, leave to amend a complaint should not be permitted where it would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)) (internal quotations omitted). Here, as discussed above, Plaintiff's claims do not relate to any administrative tasks unrelated to prosecutorial functions. In fact, the only action or inaction that relates to the Union County Prosecutor's Office is that Plaintiff has not been charged in connection with his arrest on April 26, 2009. Thus, amendment would be futile and Plaintiff's claims as to Defendant Union County Prosecutor's Office will be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion for judgment on the pleadings and dismisses claims against Defendant Union County Prosecutor's Office with prejudice.

An appropriate Order accompanies this Opinion.

DATED:  1/31/12

Jose L. Linares,
United States District Judge