<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR SABATINO, | : | |
| Plaintiff, | : | Civil Action No. 11-1656 (JLL) |
| v. | : | |
| UNION TOWNSHIP, ET AL., | : | OPINION |
| Defendants. | : | |

I.  INTRODUCTION

This matter comes before the Court by way of plaintiff Arthur Sabatino's ("plaintiff") Motion for Leave to file an Amended Complaint ("Motion"). (Mot. for Leave, Nov. 9, 2012, ECF No. 48). Defendants oppose the Motion. (Def.'s Opp'n Br., Nov. 30, 2012, ECF No. 51). The Court has considered plaintiff's Motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, plaintiff's Motion is granted.

II.  BACKGROUND

A.  Factual Background

The current litigation arises out of an incident occurring on April 26, 2009, in which plaintiff alleges he sustained personal injuries and suffered a violation of his constitutional rights. (Compl. ¶¶ 1, 8–15, Mar. 23, 2011, ECF No. 1). At the time of the alleged incident, plaintiff was sixty-five years old and was allegedly suffering from a number of mental and physical ailments, which caused his daughter to call 9-1-1 to seek assistance. (Id. ¶ 8). Plaintiff's daughter told the

9-1-1 operator that plaintiff was potentially dangerous and likely, though not definitely, in possession of a loaded weapon. (Id.). Based on this information, the 9-1-1 operator alerted the responding authorities over the radio that plaintiff had a loaded weapon. (Id.). The daughter then attempted to refocus the conversation to plaintiff's physical ailments and requested that the operator send "an ambulance and a cop." (Id.).

Upon arriving at plaintiff's home, the Union Township Police Department (UTPD), in concert with the Union County Sheriff's Department, attempted to contact plaintiff using a "PA system," in addition to making multiple attempts to reach him by both home and cellular phone. (Id. ¶ 10; Exh. F to Opp'n Br., Nov. 30, 2012, ECF No. 51-1). Because the authorities failed to contact plaintiff, the police entered the home to secure the weapons and remove plaintiff for medical examination. (Compl. ¶ 10, ECF No. 1; Exh. F, ECF No. 51-1). Upon entering the home, the police threw a noise/flash diversionary device ("flash-bang"), as a means of protection, based on the information they had received regarding possible weapons possession. (Exh. F, ECF No. 51-1). They proceeded to the upstairs of the home, where plaintiff was located, and threw another "flash-bang" into the room. (Id.). At that point, the officers used physical force to arrest plaintiff because he allegedly failed to obey the officers' commands. (Id.). Plaintiff alleges that the officers verbally abused him during the arrest and seized both him and his weapons in "an unreasonable manner," causing him injuries. (Compl. ¶¶ 10–11, ECF No. 1). In addition, plaintiff asserts that the arresting officers acted negligently and used excessive force in the course of the arrest, causing him "physical injuries, emotional distress, and discrimination." (Id. ¶ 12).

### B. Procedural History

Plaintiff initiated this suit on March 23, 2011, filing an eight-count Complaint alleging state constitutional violations, federal constitutional violations, negligence, discrimination, violations of certain provisions of the Americans with Disabilities Act, see 42 U.S.C. §12131–12132, violations of the Rehabilitation Act, see 29 U.S.C. § 794, false imprisonment, and conspiracy to interfere with civil rights. (Compl., ECF No. 1). After defendants filed their respective answers, the held a scheduling conference on September 26, 2011. At the conference, the Court set an April 2, 2012, deadline to complete fact discovery, and a January 31, 2012, deadline for adding parties or amending pleadings. (Sched. Order ¶¶ 2, 13, Sept. 26, 2011, ECF No. 19). On February 23, 2012, the Court held a status conference with the parties, and entered an Amended Scheduling Order. (Am. Sched. Order, Feb. 23, 2012, ECF No. 34). The Amended Scheduling Order moved the deadline for fact discovery to July 15, 2012 and the deadline for expert discovery to November 16, 2012, but it stated that all other dates from the September 26, 2011 Scheduling Order were to "remain in full force and effect." (Am. Sched. Order ¶¶ 4, 7–8, ECF No. 34). On July 23, 2012, the Court entered a Second Amended Scheduling Order, to which all parties agreed, that: (1) extended the deadline for written fact discovery to October 15, 2012; (2) stayed remaining fact and expert discovery pending defendants' motion for summary judgment; and (3) set a briefing schedule for the summary judgment motion. (Second Am. Sched. Order ¶¶ 2–3, July 20, 2012, ECF No. 37).

After defendants filed the summary judgment motion on September 30, 2012 (Summ. J. Mot., ECF No. 39), plaintiff filed a motion for leave to amend the Complaint, seeking to add specific parties and remove others based on discovery received on August 13, 2012. (Mot. for

Leave, Sept. 30, 2012, ECF No. 41-1, at 12).  By Order filed on October 3, 2012, the Court terminated without prejudice plaintiff's motion to amend, pending disposition of the then-outstanding summary judgment motion (ECF No. 39).  (Id.).  The Court made no determination on the merits of plaintiff's motion or on "the application of Fed. R. Civ. P. 15 or Fed. R. Civ. P. 16."  (Order, ECF No. 43).

On November 5, 2012, the Court denied defendants' summary judgment motion.  (Op. and Order, ECF Nos. 46–47).  Accordingly, on November 9, 2012, plaintiff re-submitted the instant motion for leave to amend the Complaint, which seeks to add the same parties that plaintiff sought to add in his previously-terminated motion to amend.  (Mot. for Leave, Nov. 9, 2012, ECF No. 48).  Defendants submitted their opposition on November 30, 2012, and plaintiff filed his Reply on December 5, 2012.  (Opp'n Br., Nov. 30, 2012, ECF No. 51; Reply, Dec. 5, 2012, ECF No. 54).

Plaintiff argues that, because there is a lack of bad faith, undue delay, or prejudice to the defendants, the Court should grant him leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a).  (Mot. for Leave, ECF No. 48).  Plaintiff, however, fails to mention Fed. R. Civ. P. 16(b)(4) or the controlling Scheduling Order set by the Court on September 26, 2011, which required all amended pleadings to be submitted prior to January 31, 2012.  (Sched. Order ¶ 13, ECF No. 19).  Defendants submit that the Court should deny plaintiff's motion to amend because he filed said motion well past the deadline for amending the pleadings as set forth in the September 26, 2011, Scheduling Order.  (Opp'n Br., ECF No. 51).  Defendants argue that the Court should deny plaintiff's motion to amend because he violated Rule 15(a) by submitting the instant motion after the deadline set in the Scheduling Order.  (Id.).  In his reply brief, plaintiff

does not explicitly address Fed. R. Civ. P. 16(b)(4) or its requirements. He argues the Court should grant his motion to amend because, prior to the discovery he received on August 13, 2012, it was unclear to him who the proper parties were to name in the Complaint. (Reply, Dec. 5, 2012, ECF No. 54). As a result, plaintiff contends that he satisfies the liberal standard of Rule 15(a), and the Court should grant his motion to amend. (Id.).

**III.   DISCUSSION**

    **A.   Standard – Motion for Leave to File an Amended Complaint**

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." Karlo v. Pittsburgh Glass Works, LLC, No. 10-1283 (NBF), 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." Karlo, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). There is "tension" between the standards of the two Rules, which the Third Circuit Court of Appeals has not resolved directly. Id. at *2 n.3 (citing Assadourian v. Harb, 430 Fed. App'x 79, 81 (3d Cir. 2011)).

However, Third Circuit courts "have consistently reached the same conclusion: a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4) — i.e., that party must show 'good cause.'" Id. (citations omitted). Therefore, if a party has filed a motion to amend "after the deadline set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." Id. at *2; see

also, Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend a pleading after the deadline has elapsed).  Further, treatises on federal civil procedure reach the same conclusion — where a motion is required to meet both Rule 16 and Rule 15, the moving party must first make the requisite "good cause" showing pursuant to Rule 16.  Charles A. Wright et al., 6A FEDERAL PRACTICE AND PROCEDURE, § 1522.2 (3d ed. 2010) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.").

Like the parties in Karlo, neither party here has mentioned specifically Rule 16(b)(4) or its requirement that the moving party show good cause.  However, plaintiff's use of cases such as Harrison and In re Merck demonstrates to the Court that plaintiff is aware of the good cause requirement.[1]  (Mot. for Leave, ECF No. 48).  And, much like the defendant in Karlo, defendants

---

[1] Both Harrison and In re Merck instruct that if the deadline to amend the pleadings has passed, the party seeking leave must first satisfy the "good cause" requirement of Rule 16(b) before courts will apply the more lenient standard of Rule 15.  Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) ("An overlay upon this entire scheme, however, arises from the requirements of scheduling orders and adherence to their deadlines.  Rule 16(b), added in 1983, requires the entry of scheduling orders governing among other things, motions to amend pleadings or to join new parties, the close of discovery, and the filing of motions. Those deadlines can only be extended for 'good cause' pursuant to Rule 16(b)."); In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig., 08-2177 (DMC), 2012 WL 406905, at *4 (D.N.J. Feb. 7, 2012) ("This Court finds that Rule 16 applies, and Lead Plaintiffs are required to show 'good cause' to amend the Pretrial Scheduling Order to extend the deadline to amend pleadings before the Court can address Plaintiff's motion for leave to amend under Rule 15(a).").

here clearly advance an argument based on Rule 16 because their primary argument for denying leave is that plaintiff filed the instant motion to amend well beyond the deadline for amended pleadings.  See Karlo, 2011 WL 5170445, at *2.  Thus, the fact that neither party specifically names Rule 16 or its required good-cause showing does not preclude the Court from applying that standard to plaintiff's motion to amend.

        B.        **Plaintiff has Shown Good Cause Pursuant to Rule 16(b)**

Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of proceedings.  The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps."  Harrison, 133 F.R.D. at 469 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed."  Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment); see also Harrison, 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").  The burden is on the moving party to prove that there is "good cause"

for its failure to comply with the applicable scheduling order, and for the Court to allow its proposed amended pleading.  Prince v. Aiellos, No. 09-5429 (JLL), 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting Graham, 271 F.R.D. at 118); see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party.  GlobespanVirata, Inc. v. Texas Instruments, Inc., Civ. No. 03-2854 (GEB), 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting Rent-A-Ctr. v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)).  Put succinctly, "[a]bsent diligence, there is no 'good cause.'"  Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 702 (E.D. Pa. Aug. 8, 2007); see also Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired.  See Stallings ex rel. Estate of Stallings v. IBM Corp., Civ. No. 08-3121 (RBK), 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); Kennedy v. City of Newark, Civ. No. 10-1405 (CCC), 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim

before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline as set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. See Dimensional Commc'n., 148 F. App'x at 85 (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

Here, defendants allege that all of the facts pointing to the proposed new parties have been in plaintiff's possession since September 22, 2011, the date of the original Rule 26 disclosure. (Opp'n Br. at 2–4, ECF No. 51; Exh. C., ECF No. 51-1). Plaintiff does not deny that the information, in some form, was in his possession, but he maintains that it was unclear from the initial disclosure who the proper parties were. (Reply Br., ECF No. 54, at 1 ("If the Plaintiff operated in the fashion called for this Court would be faced with a complaint that named approximately 49, persons and over 15, agencies. Those are the numbers [of] persons and agencies reflected in defendants' Exhibit E.")).

The Court notes that Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence. Fermin, 2012 WL 1393074, at *3 (stating the inquiry should center on whether "through the exercise of reasonable diligence [the moving party] should have possessed, the knowledge necessary to file the amended motion before the deadline had expired."). Plaintiff here may have possessed the names of the proposed parties before the deadline for amending the complaint, but the list of names was nearly fifty in number and the report from the incident referred mostly to the parties in generic terms such as "team" or "element." (See Exhs. E & F, ECF No. 51-1). In contrast, the letter from

9

defendants, dated August 13, 2012, specifically names the individual parties, thereby providing plaintiff a refined list of parties from whom he might seek – and indeed, has sought – to add to the proposed amended complaint.  (See Exh. A, ECF No. 48-1).

In addition, plaintiff filed his original motion for leave on September 30, 2012, less than fifty days after receiving defendants' August 13, 2012 letter.  (See Mot. for Leave, ECF No. 41-1).  Plaintiff also renewed the motion for leave only four days after the Court denied defendants' motion for summary judgment.  (See Order, Nov. 5, 2012, ECF No. 47; Mot. for Leave, Nov. 9, 2012, ECF No. 48).  Such timely, conscientious filings demonstrate that plaintiff used reasonable diligence in avoiding unnecessary delays.  Further, plaintiff states that the granting of this motion will not extend or reopen discovery, and defendants do not contend otherwise.  Thus, the Court finds that granting leave to allow this amendment will not prejudice defendants.  Plaintiff is not seeking to add new claims, but only seeks to replace "John Does," which were so named in his original complaint, and eliminate parties no longer properly before the Court.  (See Aff. ¶¶ 3–5, ECF No. 48-2).  Accordingly, because there will be no need for extended new discovery, the Court finds granting leave will not unnecessarily delay this action.  See Monroe v. City of Hoboken, No. 11-2556 (JLL), 2012 WL 1191177, at *6 (D.N.J. Apr. 10, 2012) (finding "good cause" where an "amended complaint[,] [submitted after the deadline,] simply substitutes the proper names for the fictitious names of police officers . . . [as] [c]ourts have found good cause where there is simple inadvertence, no harm to defendants and no delay in the proceedings") (citing Schreck v. Walmart, No. 08–5729, 2009 WL 4800225, at *2 (D.N.J. Dec. 8, 2009)).

In sum, the Court finds that the plaintiff exercised reasonable diligence upon receiving defendants' August 13, 2012 letter, and thereafter filed his motion for leave to amend in a timely

manner. See Globespan, 2005 WL 1638136, at *3 ("A finding of good cause depends on the diligence of the moving party"). While "lack of prejudice to the nonmovant does not show good cause," the Court finds that, when taken in conjunction with the diligence demonstrated by plaintiff, there is sufficient "good cause" pursuant to Rule 16(b)(4) for the Court to grant leave for plaintiff to amend. Marlowe Patent Holdings LLC v. Dice Elecs., LLC, No. 10-1199 (PGS), 2013 WL 775764, at *12 (D.N.J. Feb. 27, 2013).

### C. Plaintiff Meets the Standard for Granting Leave Under Rule 15(a)(2)

Rule 15(a)(2) of the Federal Rules of Civil Procedure, which governs amendments to pleadings, provides, in relevant part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Federal Rules of Civil Procedure liberally allow for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations marks omitted). The Rules further provide, that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. Id.

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court. See id.; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981). The U.S. Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (stating "[l]eave to amend must

generally be granted unless equitable considerations render it otherwise unjust"). Put differently, absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citations, internal quotation marks, and emphasis omitted). Pursuant to their discretion under Rule 15, courts generally grant leave to amend where, during the course of discovery, a party discovers "new evidence." See, e.g., Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1460 (D.N.J. June 20, 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs [had] a dilatory motive"). Here, defendants oppose plaintiff's motion to amend solely on grounds of undue delay. (Opp'n Br. at 5–11, ECF No. 51). They do not argue that the Court should deny leave to amend on the basis of bad faith by plaintiff, prejudice to defendants, or futility of the proposed amendments. (See id.).

      **i.**      **Undue Delay**

While incidental delay is an insufficient ground on which to deny leave to amend, undue delay supports denial. Harrison, 133 F.R.D. at 468. As the Court of Appeals for the Third Circuit explained,

> [t]he passage of time, without more, does not require that a motion to amend a [pleading] be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the [movant's] motives for not amending their [pleading] to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the [adverse party].

12

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations omitted); see also Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (noting "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the nonmovant if the amendment is permitted); Harrison, 133 F.R.D. at 468 (stating, in cases of delay, the movant must show that "its delay in seeking to amend is 'satisfactorily explained'") (quoting Leased Optical Dept's v. Opti-Ctr., Inc., 120 F.R.D. 476, 478 (D.N.J. Apr. 12, 1988)).

Here, defendants technically provided the names of the parties that plaintiff now seeks to add to the proposed amended complaint in their Rule 26 initial disclosures. (See Exh. C, ECF No. 51-1). However, it did not become clear to plaintiff that they were the proper parties to add to the complaint until he received defendants' August 13, 2012 letter. (See Exh. A, ECF No. 48-1). Shortly after receiving that letter, plaintiff filed his initial motion for leave to amend the complaint. (See Mot., ECF No. 41). For the reasons explained above, the Court finds that plaintiff did not cause an undue delay because he filed a proposed amended complaint and supporting brief less than fifty days after receiving defendants' letter naming the parties. Any delay that may have occurred has in no way prejudiced defendants because the claims remain the same and the added defendants merely replace the previously named "John Does." As such, there is no foreseeable threat of a delay, due to a reopening of discovery, if plaintiff is granted leave to amend.

Defendants have not argued bad faith, dilatory motive, undue prejudice, or that plaintiff's proposed amendments would be futile. Therefore, the Court need not conduct an analysis of these elements under Rule 15(a)(2). Courts have consistently held that Rule 15 should liberally

allow amendment of pleadings, and the Court here finds that plaintiff meets the standard to grant leave under Rule 15.  See Foman, 371 U.S. at 182.

**IV.    CONCLUSION**

For the reasons stated herein, plaintiff's motion for leave to file the proposed Amended Complaint is granted.  An appropriate form of Order accompanies this Opinion.

                              s/Michael A. Hammer
                              **UNITED STATES MAGISTRATE JUDGE**

Date: April 15, 2013